Filed 2/23/15  Marriage of Dyer CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of CARRIE DYER and WAYNE DYER. | H039827 (Santa Clara County Super. Ct. No. 1-07-FL138136) |
| CARRIE DYER, Respondent, v. WAYNE DYER, Appellant. | |

Appellant Wayne Dyer challenges the trial court's order awarding respondent Carrie Dyer $37,000 in attorney's fees incurred in defending against Wayne's appeal of an attorney's fees order in case No. H038921.  Wayne claims that the court could not award Carrie any attorney's fees for defending the appeal in case No. H038921 because the court in case No. H038921 found him to be the prevailing party and, in his view, only the prevailing party may recover any attorney's fees.  He also contends that an award of attorney's fees to Carrie for defending against his appeal in case No. H038921 must await final resolution of that appeal.

We have resolved the appeal in case No. H038921.  We concluded that the court erred in finding Wayne to be the prevailing party.  Consequently, there was no

impediment to the court awarding Carrie attorney's fees in that case nor is there any impediment in this one. Wayne claims that "the holding in [case No. H038921] he is the prevailing party is final." Not so. Wayne challenged the trial court's award of attorney's fees to Carrie in case No. H038921. The validity of that award depended on the validity of the court's finding that Wayne was the prevailing party. Hence, the validity of that finding was before this court on appeal in case No. H038921. Since that finding was invalid, it does not support Wayne's argument in this appeal. The trial court's *award* of $6,000 to Wayne in the underlying case was not appealed, so that award was final. The court's *reasoning*, because it affected both the award to Wayne and the award to Carrie, is not something that could be *final* since Wayne appealed from the award to Carrie.

The order is affirmed.

_____
Mihara, J.

WE CONCUR:

_____
Bamattre-Manoukian, Acting P. J.

_____
Grover, J.

2